The opinion of the Court was delivered by
Coloock, J.
The rules which prevail in the construction and allowance of a plea in bar, are,
1. That it is to be construed most strongly against the defendant.
2. “That a general plea, if bad in part, is bad for the whole,” (1 Chitty on Pleading, 522.)
The plea states that the defendant “has been five years in the possession of the premises.” Now there is no technical meaning which is attached to the word “possession,” by which we are necessarily and unavoidably to understand an actual and adverse possession; on the contrary, it is a word of indefinite import, both as to its nature and its extent, and, therefore, may mean a possession by lease, for an unexpired term, or at will and undetermined, or by construction of law.
In order to test the correctness of the plea, let us suppose that the defendant had taken issue; and at the trial it had appeared that the right of the demandant had accrued two months previous to the action, and that the defendant had been in possession for five years, by a lease from her hu'sband. The verdict might have supported the plea, and yet not decided the rights of the parties. The issue would have been immaterial.
Pleas are either dilatory pleas, or pleas to the action. Dilatory pleas are to the jurisdiction of the Court, the disability of the plaintiff, or in *53 abatement. The . plea in this case is to neither of the points. It was then *certainly intended as a plea in bar to the action, and it is essential to such a plea, that it answer the plaintiff’s allegations, in every material point, and that it be so pleaded as to be capable of trial. (3 Black. Com. 303.) By this test it is clear that the plea is defective.
When a plea has two intendments, it shall be taken most strongly ag’ainst the defendant. (Chitty, 522.) In illustration of this, it is said, “ if in trespass, the defendant plead a release, without saying at what time it was made, it shall be intended to have been made before the trespass was committed.” I am then certainly bound to say, that the possession of the defendant, as stated in his plea, is not adverse from the plaintiff’s claim, and that the plea is insufficient.
The Court, however, will give the defendant leave to plead de novo,[1] or to amend his defective plea, upon the payment of costs, otherwise judgment for the plaintiff in demurrer.
Johnson, J., concurred.

 See Moore vs. Burbage, 2 McMul. 170; 4 Post, 108; 7 Rich. 432; 5 Strob. 157; 1 McM. 291; 3 Hill 197, contra; 2 McM. 170; 4 Rich. 14, 23; 5 Rich. 361; 6 Rich. 27, 395; 10 Rich. 94, 371; Chev. 94.

 Tread. 112; 3 Brev. 246.